BARBARA BLAIR FARRELL, APPELLANT *v.* GEORGE RAYMOND FARRELL, RESPONDENT.

No. 3904

October 24, 1956.                    302 P.2d 484.

260

(Rehearing denied November 30, 1956.)

*Arthur G. Lambert,* Washington, D. C., *Pike & McLaughlin,* and *Edwin C. Mulcahy,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey & Thompson,* and *John S. Belford,* of Reno, for Respondent.

# OPINION

By the Court, EATHER, J.:

This is an appeal taken by the wife from the custodial provisions of a divorce decree—an award of custody of two minor girls aged 11 and 8 to the respondent husband.

In several respects it is contended that the trial court committed error; also it is contended that the fitness of the mother and the unfitness of the father are demonstrated by the record before us and that the granting to the father was therefore an abuse of discretion. A careful study of the record and of the briefs of counsel (with their assignments of error and of abuse of discretion) has convinced us of three things.

First: It cannot be said that the relative fitness of the parties appears so clearly as to point but one course to the trial judge. We cannot state that discretion could only be exercised in one way, and thus direct the trial judge in his exercise of discretion. On the contrary, it most clearly appears that the trial judge was faced with an extremely perplexing problem. We may not then substitute our discretion for that of the trial judge. If his exercise of discretion for any reason is to be disturbed, it must be through reconsideration on his part.

Second: The errors assigned by appellant wife are largely procedural matters. It is contended that in many respects the procedures followed by the trial judge deprived the appellant of opportunity fully and accurately to present to the court her fitness to serve as custodian. A consideration of the steps taken in the court below demonstrates that these contentions are not without merit.

Trial of the divorce action was completed on February 10, 1955 and the court then announced its decision. (1) It directed the clerk to enter an order granting unto the defendant a decree of divorce based on her cross complaint on the ground of extreme cruelty; (2) that the

court would not award custody to the husband; (3) that the court was inclined to award custody to the wife if her physical and mental condition was fit; (4) that, under the facts as the court saw them, it would award the custody to a Mrs. Hyatt, the children's governess; (5) that if Mrs. Hyatt would not accept such custody, the court would award custody to some other person or organization but not to either of the parties to the action.

At this time the judge in effect stated that were it not for the condition of the mother's health he would have no hesitancy in giving her custody. Also by the very act of giving custody to Mrs. Hyatt and by the emphasis used by the court in its determination to give custody to a third person, if not Mrs. Hyatt then to some other third person, the conclusion is inescapable that the court was definitely refusing to give custody to the father and must have felt very strongly at that time he was unfit.

Mrs. Hyatt accepted custody reluctantly. Subsequently, and prior to signing of judgment, at a conference in chambers attended by the plaintiff husband, Mrs. Hyatt advised that she would be compelled to surrender custody. Thereupon, with notice to appellant and in open court but apparently with no further hearing, the court entered judgment awarding custody to the father. This action is so inconsistent with the apparent belief of the court at the conclusion of trial as to suggest that in so acting the court was accepting statements made to it in chambers and thus departing from established legal forms of procedure. Remarks by the court from the bench at the time of the award to the father were conflicting as to its reliance upon such matters. Such statements, if accepted by the court as a basis for its change of opinion as to the fitness of the father, were unsworn, undisclosed, not subject to cross examination or to rebuttal, and even at this time the nature of such statements does not appear in the record. Examination of Mrs. Hyatt as to such statements was not permitted by the trial court.

In our opinion not only was the court's action at this time inconsistent with its earlier view as to the fitness of the father but it was inconsistent with its view as to the fitness of the mother. The mother sought at this time to reopen the case in order to establish that after the taking of further tests suggested by certain court-appointed doctors it had been established that she had recovered her health. At the time of the Hyatt award the court appeared greatly concerned with the question of her recovery of health. At the time of the award to the father no consideration was given to this phase of the matter.

Third: The trial court contemplated further consideration. A motion for modification of the decree was made by the appellant, and, so far as the record before us demonstrates, at the time of the appeal had never been brought to hearing upon the vital question of appellant's fitness. The motion remains pending.

Therefore, our course in one respect appears clear. We have but to remand to the trial court for further proceedings in connection with the pending motion for modification. Without specification of the scope of those proceedings, however, some ambiguity may well result, and some prejudice still attach to the errors assigned by appellant.

The confusion of the proceedings below would indicate that a fresh start would best serve the interests of the minor children. Further, the original award to the respondent would appear to have been based to an important degree upon such temporary considerations as the interruption of the children's school program. It would appear that the trial judge himself, on hearing of motion for modification, contemplated a full reconsideration of all circumstances bearing upon the welfare of the children. In our view, therefore, the trial judge in acting upon motion for modification should be empowered to

give full consideration to all matters bearing upon the fitness of both parents and the suitability of their respective homes; that actions so far taken should in no respect be deemed a final determination as of any date upon any such matters.

One matter remains for our consideration. It is contended that the trial court was guilty of abuse of discretion in denying appellant's motion for allowances to cover the expenses of appearing in two of the hearings had below. In each instance the motion was presented and the ruling made on the very day of the hearing. In each instance the appellant was then personally present in court, and it appeared that she had successfully borrowed the necessary sum. Under these circumstances it was proper to refuse allowances. Black v. Black, 47 Nev. 346, 221 P.239.

It is ordered that this matter be remanded to the trial court for a full new hearing upon the question of the custody of the minor children of the parties in accordance with the views expressed in this opinion.

Appellant to have her costs.

MERRILL, C. J., and BADT, J., concur.