JANE ANN FERGUSON, APPELLANT, *v.* CARL PHILLIP KREPPER, RESPONDENT.

No. 5299

October 27, 1967                    432 P.2d 668

*Galane & Wines,* of Las Vegas, for Appellant.

*Babcock & Sutton,* of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant Jane Ann Ferguson seeks to reverse an order entered in a habeas corpus proceeding which gave full faith and credit to an earlier Oklahoma order transferring custody of the parties' minor daughters from appellant to respondent.

On September 21, 1962, an Oklahoma court granted Jane Ann Krepper (now Ferguson) a divorce from her husband, Carl Phillip Krepper, and custody of her two minor daughters, Marie Ann, age 4 years, and Michelle Ann, age 1½ years.

In August 1965, appellant, with the children, moved to Nevada where she established and still maintains a permanent residence.

Shortly thereafter respondent moved to Texas where he resided for a brief period and then to Arizona where he established and presently maintains his residence.

On June 29, 1966, respondent filed in the original divorce proceeding in Oklahoma a Motion to Modify the Divorce Decree, seeking "the temporary custody of the children from the 27th or 28th of July 1966 until the last week of August 1966 and for further visiting privileges during Christmas vacations and summer months."

The hearing on the motion was set for July 22, 1966. Appellant was given notice of the hearing by mail directed to her Nevada address and she appeared through Oklahoma counsel, Messrs. Garrett and Pierson, although she personally did not attend the hearing.

The Oklahoma court filed its order on July 29, 1966, providing that, "Order heretofore entered in this cause be modified insofar as it pertains to the right of the defendant [respondent herein] to visit his minor children and the defendant is granted visiting privileges each weekend, commencing July 23, 1966, from 9:00 a.m. until 5:00 p.m. of the following Sunday, and each Wednesday thereafter from 9:00 a.m. until 5:00 p.m." The Oklahoma order then concluded: "It is further ordered that said cause be continued for further hearing on application

of the defendant for visiting privileges with his said children. The date of the trial to be agreed upon by the parties, or if no agreement can be reached, the date will be set by this court."

The Oklahoma court did, on October 14, 1966, order the hearing on defendant's motion for visiting privileges set for 10:00 a.m., November 4, 1966. Appellant's counsel was given notice of the hearing but failed to appear. The hearing was continued without further notice for 3 days until November 7, 1966.

Neither appellant nor her counsel was present for the November 7 hearing. Nevertheless, the Oklahoma court proceeded to hear the matter on November 7, and at the conclusion of the hearing entered its order transferring total custody of the two minor daughters to respondent and ordering appellant in Nevada to deliver the children to respondent and providing further: "That he [respondent herein] be permitted to and [is] authorized by order of this court to remove said children to Phoenix, Arizona, where he is now residing."

The Oklahoma record is completely void of any showing that there had been a change of circumstances which would sustain a finding that such a custodial change was in the best interest of the children.

Respondent then proceeded to Nevada where he sought to enforce his custodial rights as set forth in the Oklahoma order of November 7, by a habeas corpus proceeding filed December 9, 1966, in Nevada.

The hearing on the habeas corpus proceeding occurred on December 20, 1966. Both parties, the children, and counsel were present.

The sole evidence received was an exemplified copy of the Oklahoma order of November 7, 1966. The court below granted respondent's petition and ordered the minor daughters forthwith delivered to respondent for removal to Arizona. The lower court was of the opinion that Nevada was bound to give full faith and credit to the Oklahoma order.

For the reasons hereinafter set forth we hold that Nevada was not bound to give full faith and credit to the Oklahoma order and further that the Nevada court was not precluded from hearing the issue of custody.

The record shows that there may be a question as to whether procedural due process requirements were met in notifying the appellant or her counsel of the desire to change custody.

We choose not to discuss this issue, since it is our opinion that the Oklahoma court was without power to change custody in the absence of a change of circumstances.

The law in Oklahoma is well established that provisions for the care, custody, and control of minor children may not be modified unless there is a showing of a change in circumstances which would support a modification order. See Eby v. Eby, 347 P.2d 1036 (Okl. 1959).

In Ness v. Ness, 357 P.2d 973, 975 (1960) the Oklahoma court said:

"The provisions for care and custody of minor children may not be modified unless it be shown that the circumstances of the parties have changed or unless material facts are disclosed, which were either unknown or could not have been ascertained with reasonable diligence at the time when the last prior determination was made. See Duffy v. King, Okl., 350 P.2d 280 and cases cited therein." Also, Sinclair v. Sinclair, 392 P.2d 750 (Okl. 1964); Davis v. Davis, 424 P.2d 76 (Okl. 1967).

The Oklahoma court without any showing whatsover of any change of circumstances did on November 7, 1966 and without the presence of the appellant or her counsel summarily enter its order transferring the custody of the minor daughters from their mother to the respondent.

In Kovacs v. Brewer, 356 U.S. 604, 607 (1958), the Supreme Court of the United States held:

"Whatever effect the Full Faith and Credit Clause may have with respect to custody decrees, it is clear, as the Court stated in *Halvey,* 'that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered.' 330 U.S., at 615. Petitioner concedes that a custody decree is not *res judicata* in New York if changed circumstances call for a different arrangement to protect the child's health and welfare. * * *."

It is, after all, the welfare and interest of the minor children which should be given paramount consideration by the court before a change in custody is made, and in doing so it is necessary that evaluation of the physical, material, and educational needs of the children must be made by the court having maximum access to relevant evidence. See Lyerla v. Ramsay, 82 Nev. 250, 415 P.2d 623 (1966).

Reversed and remanded for a custody hearing on the merits.

THOMPSON, C. J., COLLINS, J., ZENOFF, J., and BATJER, J., concur.