213 So.2d 161 (1968)
Mary Hale ROLLER, Plaintiff-Appellant,
v.
Robert Hayes ROLLER, Defendant-Appellee.
No. 2419.
Court of Appeal of Louisiana, Third Circuit.
July 29, 1968.
*162 Rogers, McHale & St. Romain, by Jack Rogers, Lake Charles, for plaintiff-appellant.
No appearance made nor was brief filed for defendant-appellee.
Before TATE, FRUGE and SAVOY, JJ.
FRUGE, Judge.
This custody contest arises out of proceedings for separation and divorce which were originally filed by Mary Hale Roller against her husband, Robert Hayes Roller.
In March, 1967, Mrs. Roller obtained a judgment of separation a mensa et thoro from her husband, Robert Hayes Roller, and in that judgment decree, plaintiff, Mrs. Roller, was awarded custody of their three childrenages now approximately three, five, and six years. Following that judgment, Mrs. Roller got a full-time job and as a result thereof, she left the oldest child with the custody of its grandmother, Mrs. Velma Roller, the mother of Robert Roller. At other times, Mrs. Roller also left the second-to-oldest child with the same grandparent.
As a result of a dispute between Mr. and Mrs. Roller concerning the payment of alimony to the children of the marriage, Mrs. Roller removed the oldest child from the custody of its grandparents and thereafter kept all three of the children in her own home, with the assistance of her *163 parents to care for the children while she was at work.
The record clearly indicates that Mrs. Roller then began more or less living in open concubinage with another man in her home. This man was seen by the neighbors to go there in the afternoons or evenings and not leave until early the following mornings and was seen by Mrs. Roller's parents to have spent the night at the house on a number of occasions.[1]
Because of this moral turpitude on the part of Mrs. Roller, Mr. Robert Roller petitioned the court to have the custody of the children removed from Mrs. Roller and placed in the hands of his parents. After due hearing and evidence adduced, the trial court awarded the children to Mrs. Velma Roller, the mother of Robert Roller and grandparent of the three children. The mother of the children, Mrs. Roller, then effected this appeal.
On this appeal, the appellant argues two basic points. First, she contends that the record is insufficient to show that the best interest of the children would be served by removing them from her custody.
On this issue, we readily agree with the trial court in his conclusion that the appellant's promiscuity and adulterous acts are likely to have an adverse effect upon the children, especially the older two.
Therefore, we conclude that Mrs. Roller has been shown to be an unfit mother, and, considering the best interests of the children, she should not be permitted custody thereof.[2]
Appellant's second contention is that the trial court committed reversible error in awarding custody of the children to a third person, not a parent of the children or a party to these proceedings.
In Mr. Roller's reconventional demand or petitionhe labeled it a "Rule for Trial Custody"he conceded that "the moral atmosphere of his own present home is not fit and proper for the said children". Thus, he prayed that the children be taken from his wife, whom we find to be unfit, and (instead of being given to him) be given to his parents.
There is no issue raised concerning the fitness, ability, or willingness of the children's grandparents to properly care for them. We need only determine whether or not the trial court had the discretion (power) to award the custody of the three children to their grandmother, Mrs. Velma Roller, and if so, whether such discretion was abused in this instance.
The concern with which we are dealing here is, in its simplest form, the general welfare and best interest of the children. This determination is left to the broad discretion of the trial judge, whose rulings concerning the same should not be reversed except for clear error or abuse of his discretion. LeBlanc v. LeBlanc, 194 So.2d 122 (La.App.3d Cir., 1967). See also Kieffer v. Heriard, 221 La. 151, 58 So.2d 836 (1952).
"It is well settled in our jurisprudence that a mother has a right to the custody of her child as against third persons, but that this right must yield to the superior right of the State to deprive her of such custody and possession in the event she is morally, mentally, or otherwise unfit and the welfare of the child requires it". State ex rel. Mouton v. Williams, 222 La. 457, 62 So.2d 641-642 (1952).
The interest of the state in this matter is to safeguard and assure the welfare and best interest of its minor citizens *164 where their parents are for some reason unfit to exercise their dominion over such children. In such instance, the general principle that the parents have a paramount right to the custody of their children does not apply.
Having found that neither of the children's parents were morally fit to be awarded custody therefor, the district court, acting in the interest of the State, had the powerperhaps even the obligationto place these children in some home where they would be properly cared for. In fulfilling this function, the trial court awarded the custody of the children to their paternal grandmother, in whose home the eldest two children had stayed previously. This was the express wish of the father of the children. The grandmother, Mrs. Velma Roller, testified in court, and, although she was not technically a party to the proceedings, she showed deep interest in the outcome of the case.
The counsel for the appellant contends that the trial court's authority to award custody to a person rests upon Civil Code Articles 146 and 157 which speak only of awarding custody to one of the "parties" to the action for divorce or for legal separation.
We feel, however, that the technicality that the grandmother was not a named party to the proceedings does not, under the peculiar circumstances stated above, deprive the trial court of the discretion to award custody to a third person.
Articles 146 and 157 only contemplate actions between husband and wife for separation and/or divorce where the contest is solely between them as to who shall be awarded the custody. This very fact leads us to believe that these articles do not prohibit a trial court from awarding custody of children of a marriage to some third party. Frequently have our courts awarded child custody to third parties,[3] and, in such cases, the basic determination remains whether or not the best interest of the child would be served by giving custody to such persons.
In the instant case we cannot say that the trial court acted outside the scope of its powers or abused its discretion in awarding custody of the children to their grandmother.
For these reasons, the judgment of the trial court is affirmed at appellant's costs.
Affirmed.
NOTES
[1] Mrs. Roller's parents were Mr. and Mrs. Hale. Mr. Hale stated that he had actually seen this man in bed with Mrs. Roller and knows that he did spend the night at her house on numerous occasions. Mrs. Hale testified that she never saw the man in bed with Mrs. Roller, but only saw him sleep on the couch, although she knew he spent the night there on many occasions.
[2] Mrs. Roller did not appear at the trial or offer any evidence to counter that presented by the plaintiff-in-rule.
[3] See e.g., State ex rel. Graham v. Garrard, 213 La. 318, 34 So.2d 792 (1948); State ex rel. Theriot v. Pulling, 209 La. 871, 25 So.2d 620 (1946); Succession of Tate, 168 La. 834, 123 So. 590 (1929). See also State ex rel. Lombardo v. Miller, 232 La. 617, 94 So.2d 888 (1957); State ex rel. Guinn v. Watson, 210 La. 265, 26 So.2d 740 (1946); State ex rel. Lott v. Courtney, 178 So.2d 489 (La.App.1st Cir., 1965).