ARTIE MATHEW McGLONE, APPELLANT, v.
ARMA LYNN McGLONE, RESPONDENT.

No. 5776

January 15, 1970                                     464 P.2d 27

[Rehearing denied March 25, 1970]

*Foley, Garner & Shoemaker,* of Las Vegas, for Appellant.

*Monte J. Morris,* of Henderson, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The father appeals from that part of a district court custody order entered in a habeas corpus proceeding awarding the custody of his three minor daughters to their maternal grandparents. He was given custody of his minor son. His habeas petition initially rested upon a temporary order of a Louisiana court granting him the custody of all four children. The Louisiana case had been commenced by his wife and sought a legal separation, child custody and support. Soon after starting suit the wife left Louisiana with the children, and they have since resided in Clark County, Nevada. The Louisiana litigation continued in her absence, although she was represented throughout by counsel. The temporary order upon which the husband's habeas petition was grounded became final [subject, of course, to modification upon an appropriate showing of changed circumstances affecting the welfare of the children] before the Nevada habeas proceeding was concluded, and the Louisiana decree which gave the husband a divorce and custody of the four minor children was received in evidence in the Nevada litigation.

The order from which this appeal is taken found the mother unfit to have custody, granted the father custody of their minor son, and awarded custody of the three minor daughters to the maternal grandparents. Thus, the Louisiana and Nevada orders are in harmony in two respects. Each found the mother to be unfit for custody. Moreover, each court found the father fit to

have custody—Louisiana awarding him custody of all four children and Nevada granting him custody of the boy. The difference between the two orders is with regard to the custody of the girls. As to them, the Nevada court declined to follow the Louisiana judgment and awarded their custody to the maternal grandparents. It is this aspect of the Nevada order which the father challenges.

His challenge is twofold: first, that the Louisiana decree should be accorded full faith and credit in this state, or, at the very least, honored on the principle of comity [Lyerla v. Ramsay, 82 Nev. 250, 415 P.2d 623 (1966); Ferguson v. Krepper, 83 Nev. 408, 432 P.2d 668 (1967)] since changed conditions affecting the welfare of the children were not shown to have occurred after entry of the Louisiana decree; second, that the interests of the children are best served by awarding their custody to a fit natural parent in preference to grandparents. In the context of this case we have concluded that the latter challenge is sound, and will, therefore, confine our discussion to that point.

1.   At the outset we note that this litigation is between the father and the mother. The maternal grandparents are not parties to it, have never enjoyed legal custody of their grandchildren, and have never asserted a claim to such custody. They appeared as witnesses before the court and apparently were amenable to the responsibilities of custody should the court decide such a course to be the desirable one. Cf. Farrell v. Farrell, 72 Nev. 259, 302 P.2d 484 (1956). Consequently, this case is to be distinguished from those in which issue is joined between a parent on the one hand and the grandparents on the other. Cf. Painter v. Bannister, 140 N.W.2d 152 (Iowa 1966). We are reluctant to approve an award of custody to nonparties although dictum in Atkins v. Atkins, 50 Nev. 333, 339, 259 P. 288 (1927), may be read to suggest that a court has the power to do so in appropriate circumstances.

2.   Our legislature has expressed itself with respect to child custody. In the chapter on divorce the court is directed to order that which is "most for the present comfort and future well being" of the children. NRS 125.140(1). This, of course, is the "best interest of the child" standard. And, in the chapter on guardianship we are advised that either parent, not otherwise unsuitable, shall be entitled to the guardianship of a minor. NRS 159.050(1). Read together, these statutes create, at the very least, a rebuttable presumption that a fit parent is to be

preferred over nonparents with respect to child custody. California acknowledges these statutory guides and has ruled that custody shall not be given to a nonparent unless the parent is found to be unfit. In re Guardianship of Smith, 265 P.2d 888 (Cal. 1954). We prefer this view. The best interest of the child is usually served by awarding his custody to a fit parent. Cf. Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969), where we ruled that as between fit parents, a child of tender years should be awarded to the mother.

As before noted there is no suggestion in the matter at hand that the father is unfit to enjoy the custody of the minor children. Indeed, neither the maternal grandparents nor the welfare department representative who investigated for the court intimated unfitness in the father. The court apparently agreed to some extent since it awarded custody of the boy to the father. In these circumstances we believe that he is legally entitled to the custody of his daughters as well. To this extent, the order below is reversed.

COLLINS, C. J., ZENOFF and MOWBRAY, JJ., concur.

BATJER, J., dissenting:

I respectfully dissent.

It cannot be said, as a matter of law, that custody shall not be given to a nonparent unless the parents are found to be unfit.

Although it may be dicta, in Atkins v. Atkins, 50 Nev. 333, 339, 259 P. 288 (1927), this court said: "The good of the child is paramount to all other considerations, and the court may ignore the greater affection of one party, the common-law right of the father, the agreements of the parties, and, if the circumstances clearly require it, may award the custody to a third party."

In Roller v. Roller, 213 So.2d 161 (La. 1968), that court said: ". . . [F]requently have our courts awarded child custody to third parties, and in such cases, the basic determination remains whether or not the best interest of the child would be served by giving custody to such persons."

Furthermore, while the trial court awarded the appellant custody of the minor son, and did not specifically find him to be an unfit parent, we can imply that he was unfit to assume the custody of the three minor daughters because their custody was granted to the maternal grandparents. Cf. Harris v. Harris, 84

18

Nev. 294, 439 P.2d 673 (1968); cf. Timney v. Timney, 76 Nev. 230, 351 P.2d 611 (1960).

A trial court is given wide latitude of discretion in the determination of questions relating to the custody of children, and its judgment will not be disturbed unless a clear abuse appears. Timney v. Timney, supra; Murphy v. Murphy, 65 Nev. 264, 193 P.2d 850 (1948); Black v. Black, 48 Nev. 220, 228 P. 889 (1924); Elsman v. Elsman, 54 Nev. 20, 28, 31, 2 P.2d 139, 3 P.2d 1071, 10 P.2d 963 (1931, 1931, 1932); Cosner v. Cosner, 78 Nev. 242, 371 P.2d 178 (1962); Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969). I find no abuse of discretion by the trial court.

In nearly every case concerning child custody decided by this court, to and including Peavey v. Peavey, supra, we have solemnly declared that the welfare of minor children is of paramount consideration, yet in this case, the majority pays slight attention to "the best interest of the child" standard and proceeds to declare that, now, the matter of prime consideration is that custody shall not be given to a nonparent unless the parent is found to be unfit.

I would reemphasize our long established position that the welfare of the child is paramount and affirm the judgment of the lower court.