MILLER, Judge.
On March 20, 1968 the trial court awarded custody of the three children born to the marriage of Robert and Mary Roller to the children’s paternal grandmother, Mrs. Velma Roller. The decision was appealed and affirmed. Roller v. Roller, 213 So.2d 161 (La.App. 3 Cir. 1968).
On April 29, 1971, the mother, Mrs. Mary Roller Brill, filed this rule against defendant, Mrs. Velma Roller (the children’s paternal grandmother), to obtain custody of her three children now aged ten, nine and six. Some three years before filing this rule, she married her present husband Mr. Jack Brill. She contends that she is now a fit mother; that she has a good home and that she has the paramount right to the custody of her children.
The trial court found that the children are settled, happy and doing well in every aspect of life; and that plaintiff-in-rule (the mother) and her husband are not settled and have not established a home into which the court could send these children with confidence. Plaintiff-in-rule appeals the dismissal of her rule. We affirm.
The trial judge succinctly summarized the evidence with the holding at Tr. 144 that:
“ * * * the history of the Brills for the last several months and years has been that of constant moving, changing jobs, travel from state to state, dodging *626 bill collectors and even some domestic discord.”
At Tr. 145, the trial court held that:
“ * * * plaintiff has (not) presented evidence sufficient to justify changing custody of the children or that the best interest and welfare of the children would be served by making a change of custody at the present time.”
These factual determinations are completely supported by the evidence.
The concern with which we are dealing here is, in its simplest form, the general welfare and best interest of the children. This determination is left to the broad discretion of the trial judge, whose rulings concerning the same should not be reversed except for clear error or abuse of discretion. Roller v. Roller, supra.
The judgment of the trial court is affirmed. Costs are assessed to plaintiff-in-rule appellant.
Affirmed.