RICHARD C. HOWE, APPELLANT, v. PATRICIA C. HOWE, RESPONDENT.

No. 6539

December 8, 1971        491 P.2d 38

Raymond E. Sutton, of Las Vegas, for Appellant.

Fondi & Banta, of Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant Richard C. Howe and Respondent Patricia C. Howe were married in Reno, Nevada, on September 17, 1960. There are two minor children who are the issue of this marriage: Theresa Howe, born July 10, 1961, and Daniel Howe, born May 12, 1964.

The parties later separated and entered into a "Property Settlement and Child Custody Agreement" on August 23, 1968. The part of the agreement pertinent to this appeal provides as follows: "2. It has been determined by the parties that the welfare of the minor children of the parties will be best provided for by their custody with the Wife, subject to the right of the Husband to visit said children at all reasonable times. . . ."

A final Judgment of Divorce was granted to Respondent Patricia C. Howe on September 16, 1968, in the First Judicial District Court, Frank B. Gregory, District Judge. The Judgment of Divorce incorporated by reference into the decree the provisions of the Property Settlement and Child Custody Agreement.

The mother and children reside in Carson City while the father and his new wife live in Las Vegas. In November 1969, appellant contacted respondent to request that the children visit him in Las Vegas. Respondent advised appellant that she was not in favor of the children traveling to Las Vegas.

In reaction to respondent's refusal to allow the children to travel to Las Vegas, appellant filed a Motion to Modify Decree of Divorce on February 10, 1970. Appellant subsequently filed an Amended Motion to Modify Decree of Divorce on September 24, 1970.

Appellant in his Motion to Modify Decree of Divorce requested the trial court to modify the visitation provision and

specifically provide that he have the right to have the children visit him in Las Vegas. Appellant further requested that he be allowed to have the children during Christmas and Easter vacations for a period of one week and for a period of six weeks during summer vacation. This appeal is a result of the district court's denial of these requests.

On November 19, 1970, District Judge Frank B. Gregory entered an Order declaring "that the [Appellant] shall have the right to visit with the two minor children and to remove them from the [Respondent's] home for a period of forty-eight (48) hours, upon the [Appellant] having given notice to the [Respondent] of the time and the date he requests for the said visitation. . . ." Judge Gregory went on further to expressly state at the hearing held on the Motion that appellant was to visit the children in the Carson City area.

The sole issue to be decided on this appeal is whether the trial court's determination of visitation rights and the limitations placed thereon constituted an abuse of discretion.

If the lower court was correct in characterizing the appellant's Motion as a request for partial custody of the children, then its Order denying such request was correct in light of the fact that appellant made no showing that (1) the circumstances of the parents had been materially altered; or (2) that the children's welfare would be substantially enhanced by a change in custody. Murphy v. Murphy, 84 Nev. 710, 447 P.2d 664 (1968); Ferguson v. Krepper, 83 Nev. 408, 432 P.2d 668 (1967); Lyerla v. Ramsay, 82 Nev. 250, 415 P.2d 623 (1966). In any event, there is a presumption on appeal in child custody matters that the trial court has properly exercised its judicial discretion in determining what is for the best interests of the child. Cosner v. Cosner, 78 Nev. 242, 245, 371 P.2d 278 (1962). Appellant has failed to produce any evidence that would warrant setting aside this presumption.

Even if this court should choose to characterize appellant's Motion as one concerning visitation rights and not as one requesting partial custody, affirmance of the trial court's decision is similarly compelled by virtue of the vast discretionary powers vested in that court in cases involving the establishment or modification of visitation rights. NRS 125.140(2). Given the broad powers of the trial court over such matters, the determination made by the court did not constitute an abuse of its discretion. Timney v. Timney, 76 Nev. 230, 351

P.2d 611 (1960); Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969); Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970).

Affirmed.