### BYRON M. COLE, APPELLANT, v. DANNETTE DAWSON, FORMERLY DANNETTE COLE, RESPONDENT.

No. 6894

January 11, 1973                    504 P.2d 1314

*George E. Graziadei,* of Las Vegas, for Appellant.

*Perry & Clary,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

Byron Cole, the paternal grandfather of Tammy Cole, a four-year-old girl, filed a habeas corpus petition to obtain the custody of Tammy from her mother, Dannette Dawson. His request for relief rests mainly upon a Texas decree awarding the custody of Tammy to himself and wife, Tammy's grandmother, which decree, he insists, is entitled to full faith and credit in this State and must be enforced, since changed conditions affecting the child's welfare are not shown to have occurred after its entry. The district court denied relief, and this appeal followed.

Dannette and the petitioner's son were married in 1967 when each was seventeen years old. Tammy is the issue of that union. Their marriage, rocky from the beginning, finally failed and was terminated in 1969 by a decree of divorce in Texas awarding the custody of Tammy to her mother. In the early part of 1970 Dannette found herself in financial distress and requested the petitioner and his wife to help her with the care of Tammy. This request for assistance resulted in Dannette joining with the child's father and paternal grandparents in applying to the Texas court for modification of the divorce decree to change the custody of Tammy from Dannette to the grandparents. In March 1970, their joint application was honored by that court, and the decree was modified accordingly.

Dannette, who was then living in Las Vegas, made periodic trips to Texas to visit her daughter. In December 1971, Dannette married her present husband, Leonard Dawson. Soon thereafter, she travelled to Texas, picked up her child and removed her to Las Vegas. This conduct provoked the instant proceeding.

1. We do not question the propriety of the 1970 Texas decree changing custody pursuant to the joint application of

the child's natural parents and paternal grandparents. In this State such an application is not against public policy if in the best interest of the child. In re Swall, 36 Nev. 171, 134 P. 96 (1913). We find nothing to suggest that the law of Texas is otherwise. However, the full faith and credit clause of the United States Constitution does not foreclose another custody order based upon a subsequent change of circumstances, Lyerla v. Ramsay, 82 Nev. 250, 415 P.2d 623 (1966), and it is appropriate for the court to fully explore that subject and give relief compatible with the child's best interest. In short, a full custody hearing may be held within the habeas proceeding. Lyerla v. Ramsay, supra; Ferguson v. Krepper, 83 Nev. 408, 432 P.2d 668 (1967); cf. Dean v. Kimbrough, 88 Nev. 102, 492 P.2d 988 (1972).

The record may be read to show the requisite change of circumstances found by the trial court, and to support, as well, its belief that Tammy's welfare is best served by vesting custody in her mother. The mother has remarried and has established a home suitable for Tammy's care. There is not the slightest suggestion that she is unfit to enjoy custody. All of the evidence is to the contrary. Her love for Tammy is, by Tammy, reciprocated in full measure. The mother's request to the Texas court that custody be granted to the grandparents was caused by the press of circumstances then facing her and was not considered by her to bar her daughter's companionship forevermore. The policy of this State is that custody shall not be given to a nonparent unless the parent is found to be unfit. McGlone v. McGlone, 86 Nev. 14, 464 P.2d 27 (1970).

2.   The petitioner contends that the district court erred in hearing this matter in the absence of notice to the father. The father had not been awarded custody by the Texas court. He was not a party to this proceeding. The dispute was between the paternal grandfather who had been awarded custody and the mother who had the child. Notice to the father in these circumstances is not required. Heilman v. Heilman, 312 P.2d 622 (Kan. 1957); Bailey v. Bailey, 192 P.2d 190 (Kan. 1948).

Affirmed.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.