CRAIN, Judge.
The matter before us involves an appeal from The Family Court of the Nineteenth Judicial District, Parish of East Baton Rouge. It stems from a suit by the appel-lee, Donald August, against the appellant Linda August for divorce and custody of their minor child, Robert Donnell August. The divorce suit was brought and decided by the trial court on grounds of adultery in favor of the plaintiff-appellee. Also the trial court awarded to plaintiff-appellee the custody of the minor child. From this decision the defendant appeals. The appellant is not contesting the granting of the divorce, but seeks a reversal of the trial court’s custody order.
We are not favored by reasons for judgment by the trial court. The facts, however, as gleaned from the record are as follows: Appellant and appellee were married on June 23, 1967. Of their marriage, one child was born, Robert Donnell August who was four years old at the time of the trial. The evidence indicates that defendant became involved in an illicit affair unquestionably subsequent to her separation from plaintiff on November 23, 1971, and probably prior thereto. The appellant, whose testimony was inconsistent at times, admitted the affair and her adultery, and testified that she was living together with her paramour in an apartment rented by her at the time of the trial. The child was living in the same apartment when he was not left at her mothers.
The record further indicates that the ap-pellee’s parents have taken care of the child most of its life. The environment that the child has experienced in the grandparents’ home is excellent, and the appellee testified that he would continue to live with his parents. Presented with these facts, the trial court awarded the custody to the father. We are aware of our jurisprudence to the effect that the custody of the child should be awarded to the mother unless she is incapable of giving the child the proper care and guidance or she is morally unfit to rear the child. We have been cited authority to the effect that adultery alone does not necessarily constitute such moral unfitness as to deprive the *309 mother of the custody of her child. See Tuggle v. Tuggle, 235 So.2d 166 (La.App. 2nd Cir. 1970).
The trial court apparently found that the evidence produced at the trial was sufficient for a finding of moral unfitness on the part of the mother. It is well settled in our law that the appellate courts will not disturb the ruling of a trial court on a custody matter unless it is manifestly erroneous or a clear abuse of his discretion. Roller v. Roller, 213 So.2d 161 (La.App.3rd Cir. 1968). We do not so find in the case before us. The illicit affair of the appellant together with the evidence produced showing her lack of care for the child in question and additional testimony that the only stable environment the child has been in since birth has been with his paternal grandparents form sufficient basis for the trial court’s decision. The judgment of the trial court is therefore affirmed.
Affirmed.