LAURA NORRIS, Appellant, v. MICHAEL GRAVILLE On Behalf Of STEPHANIE GRAVILLE, Respondents.

No. 9736

January 31, 1979                          589 P.2d 1024

---

*Neil R. Slocum,* Las Vegas, for Appellant.

*Deaner, Deaner & Reynolds,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Michael Graville filed a petition for a writ of habeas corpus in the court below, seeking custody of Stephanie, his four year old daughter, from her maternal grandmother. In support of the petition, Graville submitted a certified copy of an Illinois decree, issued May 5, 1976, which awarded him custody of Stephanie. The Illinois order was predicated upon a showing of changed circumstances that had occurred since the entry of that court's 1974 decree awarding Stephanie's custody to the child's mother. These changed circumstances included the father's remarriage, and the mother's abandonment of the child to the care of her maternal grandmother, who is the appellant herein.

In the habeas proceedings below, the appellant requested that the court order an investigation into the relative fitness of Graville and of appellant regarding the care and custody of Stephanie. The court did so. After receiving the report and testimony of the investigator, which recommended that the child be placed with Graville, and after hearing the testimony of the child's natural mother and that of appellant, the court granted Graville's petition and ordered appellant to return Stephanie to her father.

■ ■

Appellant's main contention on appeal is that the trial court abused its discretion in awarding custody to the child's natural father, in preference to appellant, her maternal grandmother. This contention is meritless. The court had before it the report of the child welfare investigator, and the parties themselves. The investigator testified that Graville was a fit custodian of the child. Neither appellant nor the child's mother, who had previously voluntarily surrendered custody of the couple's older child to Graville, seriously challenged this testimony.

■ ■

It is the policy of this state to award custody to a parent, in preference to a nonparent, unless the parent is found to be unfit. Cole v. Dawson, 89 Nev. 14, 504 P.2d 1314 (1973); McGlone v. McGlone, 86 Nev. 14, 464 P.2d 27 (1970). The determination of the trial court, in such custody matters, is presumed to be in the best interest of the child. Nichols v. Nichols, 91 Nev. 479, 537 P.2d 1196 (1975); Culbertson v. Culbertson, 91 Nev. 230, 533 P.2d 768 (1975); Howe v. Howe, 87 Nev. 595, 491 P.2d 38 (1971). When, as here, the court has exercised its discretion, after a full hearing and based upon substantial evidence, its determination shall not be disturbed on appeal. Culbertson v. Culbertson, *supra;* Timney v. Timney, 76 Nev. 230, 351 P.2d 611 (1960).[1]

The judgment of the trial court is accordingly affirmed.

[1] Appellant's suggestion that the case is analogous to Ferguson v. Krepper, 83 Nev. 408, 432 P.2d 668 (1967), in which we reversed the granting of a habeas petition by a lower court, based solely upon a foreign decree, is belied by the record, and therefore misplaced. Here, appellant was afforded a full opportunity for a hearing on the merits of the habeas petition.

Under the circumstances, and in light of the harmony of the Nevada and Illinois orders, it is unnecessary to discuss further the full faith and credit implications of the Illinois decree. *Cf.* Lyerla v. Ramsay, 82 Nev. 250, 415 P.2d 623 (1966).