WILLARD L. KERN, Appellant, *v.* ROSALIE M. KERN, on Behalf of Linda K. Kern, a Minor, Respondent.

No. 11474

January 3, 1980                                        604 P.2d 354

*Jacquette & Kilpatrick,* Carson City, for Appellant.

*Sheerin, O'Reilly & Walsh,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Willard and Rosalie Kern were divorced in Wisconsin on March 26, 1966. The decree awarded custody of their child, Linda, now age 14, to respondent Rosalie. Shortly after the divorce, Rosalie and Linda moved to North Carolina. Subsequently, in December of 1978, appellant Willard removed Linda, at her request, from respondent's residence to his home in Carson City, Nevada.

After obtaining a temporary custody award in North Carolina, respondent instituted a habeas proceeding in the First Judicial District Court of the State of Nevada to have her daughter returned. In defense thereto, appellant requested the court to conduct a full custody hearing to modify the Wisconsin decree, alleging by affidavit a change of circumstances. This motion was denied and the writ was granted.

At issue is whether the district court erred in refusing to hold an evidentiary custody hearing before granting or denying the writ.

Although a foreign judgment has already determined the issue of custody, the full faith and credit clause of the United States Constitution does not foreclose another custody order based upon a subsequent change of circumstances. Cole v. Dawson, 89 Nev. 14, 504 P.2d 1314 (1973); Lyerla v. Ramsay, 82 Nev. 250, 415 P.2d 623 (1966). Thus, a Nevada court may subsequently conduct a full custody hearing in a habeas proceeding involving the child.

The district court's reliance upon Lyerla v. Ramsay, 82 Nev. 250, 415 P.2d 623 (1966), as mandating a hearing in North Carolina is misplaced. In *Lyerla* we held that the most appropriate forum for determining the welfare of the child was the court having maximum access to the relevant evidence. In this

case, there is substantial evidence available to this state concerning the child's present and future care, protection and personal relationships. Moreover, the parties' daughter, 14 years of age, has stated by affidavit her desire to remain with her father and her fear of returning to her mother.

The district court's order granting the writ of habeas corpus without a full evidentiary hearing is reversed and this case is remanded with direction that such a hearing be held. See, Cole v. Dawson, 89 Nev. 14, 504 P.2d 1314 (1973).

Reversed.