# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF GUARDIANSHIP OF THE PERSONS OF T.T.H. AND T.A.H., MINOR WARDS.

HALLI SELL; AND JOHNATHAN B. SELL,
Appellants,
vs.
HOLLI DIEHL,
Respondent.

No. 73932

**FILED**

JUN 2 2 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal challenging a district court order terminating guardianship of two minor children. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Holli Diehl and Justin Hollar are the natural parents of the two minor children subject to this appeal. In 2009, Diehl's sister, Halli Sell, and Halli's husband Johnathan Sell (collectively the Sells) were named co-guardians of the children. Diehl and Hollar originally consented to the Sells guardianship. However, beginning in 2012, Diehl made numerous attempts to dissolve guardianship. The guardianship commissioner denied Diehl's first three petitions to terminate guardianship based on Diehl's lack of stability, criminal involvement, and unresolved mental health issues. However, Diehl's fourth petition, which is the subject of this appeal, was granted and the Sells' guardianship was terminated. The district court order terminating guardianship made more than two dozen findings,

18-23872

including findings that Diehl was fit to parent the children and that it was in the best interest of the children to terminate the Sells' guardianship.[1]

Before the evidentiary hearing on the fourth petition, this case was transferred from the family court division to a judge sitting outside the family court division. On appeal, the Sells first argue that the district court did not have jurisdiction to hear this case. The Sells further argue that the district courts factual findings were an error.

*A district court judge sitting outside the family court division may hear matters that fall within the exclusive jurisdiction of the family court*

On appeal, the Sells argue that assigning their case from family court to district court "was an impermissible overreach of the Chief Judge's power which is clearly limited by NRS 3.223." We addressed a similar issue in *Landreth v. Malik,* wherein we held that a judge sitting in the family court division had jurisdiction over non-family law matters. 127 Nev. 175, 177, 251 P.3d 163, 165 (2011). We now address the reverse issue—whether a district court judge sitting outside the family law division has jurisdiction over family law matters. Because this is an issue of subject matter jurisdiction, we review de novo. *Ogawa v. Ogawa,* 125 Nev. 660, 667, 221 P.3d 699, 704 (2009).

NRS 3.223 places guardianship matters under the "exclusive jurisdiction" of the family court division. NRS 3.025(3) further states that 'if a case involves a matter within the jurisdiction of the family court" division, the Chief Judge shall assign the case to family court "unless . . . the Chief Judge determines that a different assignment is

---

[1]The parties are familiar with the facts of this case and we recite them here only as necessary for our analysis.

necessary because of considerations related to the management of the caseload of the district judges within the judicial district." Additionally, EDCR 1.30(15) states that the "chief judge must . . . [r]eassign cases from a department to another department as convenience or necessity requires. The chief judge shall have the authority to assign overflow cases."

We first conclude that the reassignment of the instant case was necessary under NRS 3.025(3) and EDCR 1.30(15). On December 16, 2016, Chief Judge Barker issued Administrative Order 16-09 stating that under EDCR 1.30, "all minor guardianship cases in which Soonhee Bailey is currently the designated hearing master . . . shall be reassigned to Department 27." A month later, Chief Judge Gonzalez issued Administrative Order 17-01 ordering that "pursuant to EDCR Rule 1.30 . . . all minor guardianship cases currently assigned to Department 27 shall be reassigned to Department 11" for case management purposes. Administrative Order 17-13 further stated that this "reassignment was motivated in part to temporarily assist the Family Division in fulfilling a critical need in minor guardianship adjudications." Here, Judge Gonzalez determined that reassignment of the instant case from the family law division to district court was necessary to alleviate the guardianship caseload. Thus, even though NRS 3.223 limited Judge Gonzalez from assigning a guardianship matter outside the family law division, such an assignment was permissible under these facts. *See* NRS 3.025(3); EDCR 1.30.

Additionally, in *Landreth*, "we consider[ed] whether the Legislature has the constitutional authority to limit the powers of a district court judge in the family court division of a judicial district." 127 Nev. 175, 177, 251 P.3d 163, 164 (2011). We reasoned that although the Nevada

Constitution granted the Legislature the power to establish a family court division and specify its jurisdiction that "all judges in the family court division are district court judges with authority to preside over matters outside the family court division's jurisdiction." *Id.* We therefore held "that the district court judge sitting in family court did not lack the power and authority to dispose of this case merely because it involved a subject matter outside the scope of NRS 3.223." *Id.* at 177, 251 P.3d at 165. Similarly here, while NRS 3.223 places guardianship matters within the exclusive jurisdiction of the family court division, in times of judicial necessity and convenience, a district court judge sitting outside the family law division has authority to dispose of matters that fall under the exclusive jurisdiction of the family law division. Accordingly, we hold the district court had jurisdiction to hear the instant guardianship matter.

*Standard of review*

Having established that the lower court had jurisdiction, we now turn to the merits of the petition. "The district court enjoys broad discretionary powers in determining questions of child custody." *Locklin v. Duka*, 112 Nev. 1489, 1493, 929 P.2d 930, 933 (1996). We review a district court's factual findings for an abuse of discretion and will not set aside those findings unless they are clearly erroneous or not supported by substantial evidence. *Ogawa*, 125 Nev. at 668, 221 P.3d at 704. Substantial evidence "is evidence that a reasonable person may accept as adequate to sustain a judgment." *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007).

*Diehl was fit to parent her children*

The Sells argue that the district court's findings regarding Diehl's parental fitness "are devoid of any substantive legal analysis . . . and fail[ ] to explain what testimony and evidence was relied

upon . . . by the court in reaching its conclusory findings." NRS 159.061(1) (*repealed* 2017 Nev. Stat., ch. 172, § 218, at 910) established the "parental preference" presumption wherein natural parents are preferred "over all others" as guardians of minor children. *In re Guardianship of D.R.G.*, 119 Nev. 32, 37, 62 P.3d 1127, 1130 (2003). In applying the parental preference presumption, "the [district] court must first determine if a parent is 'qualified and suitable'" to be the child's guardian. *Id.* (quoting NRS 159.061(1)). "Qualification and suitability are based on the parent's fitness for guardianship at the time of the hearing." *Id.* If qualified and suitable, the natural parent will prevail as guardian over non-parents. *Id.* at 37-38, 62 P.3d at 1130. In determining if a parent is suitable and qualified, as relevant here, the court considers:

> (a) Which parent has physical custody of the minor;
>
> (b) The ability . . . to provide for the basic needs of the minor, including, without limitation, food, shelter, clothing and medical care;
>
> (c) Whether [they] engaged in the habitual use of alcohol or any controlled substance during the previous 6 months . . .
>
> . . .
>
> (e) Whether [they have] been convicted in this State or any other jurisdiction of a felony.

NRS 159.061(2).

In its findings of fact, conclusions of law and order from evidentiary hearing (hereafter Order), the district court made numerous findings regarding Diehl's parental fitness including an overarching finding that Diehl "is fit to parent the minor children." We conclude that nothing in the record, nor the Order, indicates that the district court erred in making

this determination. *Locklin*, 112 Nev. at 1497, 929 P.2d at 935 ("The weight and credibility to be given trial testimony is solely the province of the trier of fact, and a district court's findings of fact will not be set aside unless clearly erroneous."). Accordingly, we hold that district court did not err in determining that Diehl was fit to parent her children. *Ellis*, 123 Nev. at 152, 161 P.3d at 244 (finding this court "will not reweigh credibility on appeal").

*Termination of guardianship was in the best interest of the children*

The Sells next contend, "the district court's best interest findings wholly fail to explain what testimony and evidence was relied upon by the court, and provide no meaningful insight as to how it balanced the various evidence presented." Diehl responds that the district court properly determined that termination of guardianship was in the best interest of the children under NRS 125C.0035(4). In relevant parts, NRS 125C.0035(4) states that when determining the best interest of the children, this court considers, among other things:

> (a) The wishes of the child if the child is of sufficient age and capacity . . . .
>
> (b) Any nomination of a guardian for the child by a parent.
>
> (c) Which parent is more likely to allow the child to have frequent associations and a continuing relationship with the noncustodial parent.
>
> (d) The level of conflict between the parents.
>
> (e) The ability of the parents to cooperate to meet the needs of the child.
>
> (f) The mental and physical health of the parents.
>
> (g) The physical, developmental and emotional needs of the child.

(h) The nature of the relationship of the child with each parent. . . .

Here, the district court found that it was in the best interest of the minor children "that they be permitted to have a relationship with their natural mother and natural father who both live in Arizona," and that they "have a relationship with their half-sister who lives with natural mother and their stepfather." Additionally, the district court found "that natural mother's proximity to natural father is more likely to allow the child to have frequent associations and a continuing relationship with the natural father," and that the level of conflict between Diehl and the Sells "is a concern that weighs in favor of the Petition." The district court also noted that its concerns about Diehl's mental health were alleviated by Diehl's completion of behavioral treatment, and that either Diehl or the Sells could adequately meet the needs of the children. *Id.*

This court has held that "[t]he best interest of the child is usually served by awarding his custody to a fit parent." *McGlone v. McGlone*, 86 Nev. 14, 17, 464 P.2d 27, 29 (1970). Here, the district court considered NRS 125C.0035(4)'s best interest factors and determined that termination of guardianship was in the best interest of the minor children. The Sells have failed to demonstrate that substantial evidence does not support the district court's findings. *See Ellis*, 123 Nev. at 149, 161 P.3d at 242 (substantial evidence "is evidence that a reasonable person may accept as adequate to sustain a judgment"). We therefore conclude that the district

court correctly found that it was in the best interest of the children to terminate guardianship.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2]We have considered the Sells' remaining arguments and conclude they are without merit.

cc: Hon. Elizabeth Goff Gonzalez, Chief Judge
Carolyn Worrell, Settlement Judge
Fine Carman Price
McFarling Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A