KAREN PEAVEY, APPELLANT, *v.* FORREST PEAVEY, RESPONDENT.

No. 5811

October 22, 1969                    460 P.2d 110

*Leonard I. Gang,* of Las Vegas, and *Manoukian & Manoukian,* of Zephyr Cove, for Appellant.

*Hawkins & Walker,* of Las Vegas, for Respondent.

572

**OPINION**

By the Court, ZENOFF, J.:

In this divorce action Karen, the mother, appeals the trial court's award of custody of two children to Forrest, the father, instead of to her.

They were married November 17, 1962. With two infant sons they lived a stormy marital career in Brewer, Maine, until Mrs. Peavey moved to Las Vegas, Nevada, in May 1968. In due course of time she filed for divorce and asked for custody of the two boys, Michael, age 5, and Marc, age 3. At all times, even in Maine, she had custody of both boys either by order of the Maine court or by agreement with her husband when the Maine action failed. This continued through the preliminary stages of the Nevada divorce suit.

Mrs. Peavey made her husband's visitation periods difficult because she claimed he was lax in his support payments, but more importantly, threatened to withhold the children from her once he had them unless she would come back to live with him. On one occasion he did refuse to return the children and on another occasion she had to wrestle one of the children out of his possession. He in turn accused her of neglecting her motherly responsibilities. In truth the record absolves both parents from the classical definitions of "unfit" as we know that term in child custody cases. Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98 (1961); Timney v. Timney, 76 Nev. 230, 351 P.2d 611 (1960); Schildgen v. Schildgen, 148 N.W.2d 629 (Iowa 1967). Our issue is narrowed to whether or not we must uphold the trial judge who found the father fit but did not rule either way as to the fitness of the mother (Harris v. Harris, 84 Nev. 294, 439 P.2d 673 (1968); cf. Timney v. Timney, supra) and gave custody to the father without specifically finding that the custody award was in the best interests of the children.

NRS 125.140 provides the policy of Nevada as to custody

of minor children, to wit, that the court, in granting the divorce, shall "make such disposition of, and provision for the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children." Many states, California for instance (CC, § 138), set forth as their legislative policy the "tender years" doctrine which defined is, "that as between parents . . . other things being equal, if the child is of tender years, custody should be given to the mother."

The rule that the best interests and welfare of the children is of paramount consideration is the guiding principle in the vast majority of jurisdictions. 2 Nelson on Divorce, §§ 15.01–2, pages 212–213; Atkins v. Atkins, 50 Nev. 333, 259 P. 288 (1927). That the mother is the natural custodian of her young is universally recognized. The law favors the mother if she is a fit and proper person to have the custody of the children, other things being equal. This is so that they may not only receive her attention, care, supervision and kindly advice but also "may have the advantage and benefit of a mother's love and devotion for which there is no substitute. . . ." 2 Nelson on Divorce, § 15.09, p. 227.

We think the implication in our statute to be that legislative policy directs that children of tender years belong to their mother in the absence of particular circumstances establishing that she is unfit. Boisen v. Boisen, 85 Nev. 122, 451 P.2d 363 (1969); Toth v. Toth, 80 Nev. 33, 389 P.2d 73 (1964); Sisson v. Sisson, supra; Timney v. Timney, supra.

Although the exercise of discretion by the trial court will not be disturbed unless in a clear case of abuse (Cosner v. Cosner, 78 Nev. 242, 371 P.2d 278 (1962); Timney v. Timney, supra; Atkins v. Atkins, supra; Sanchez v. Sanchez, 10 Cal.Rptr. 261, 358 P.2d 533 (1961)), the key to this issue is the best interests of the children which must be expressed by the trial court in order that we know that the weight of the "tender years" principle has been applied.

In Harris v. Harris, supra, the trial court stated that its determination was based on the best interests of the child. While a digest of the facts was not recited in that opinion the record nevertheless amply supported the trial court's finding

whereas in this case the record balances the scales between the mother and father. Neither parent is morally unfit or otherwise unsuitable. Absent a finding of the mother's unfitness, we choose to apply the tender years doctrine in meeting the statutory command of NRS 125.140.

We reverse the decree as respects the custody provision and remand for a new hearing limited to the visitation rights of the father and support.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.