JOANN C. SMITH, Appellant, *v.* RICHARD R. SMITH, Respondent.

No. 7478

December 20, 1974                                   529 P.2d 209

*Stokes & Eck, Ltd.,* of Carson City, for Appellant.

*Fondi, Banta & Doescher,* of Carson City, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Appellant, Joann Smith, processes this appeal from a decree granting respondent, Richard Smith, a divorce and custody of the couple's minor children. Two assignments of error are tendered, both without merit in the context of this case.

1. First, appellant attacks the trial court's determination of residency, which Nevada law requires to establish subject matter jurisdiction, in the following terms: "Unless the cause of action shall have accrued within the county while plaintiff and defendant were actually domiciled therein, no court shall have jurisdiction to grant a divorce unless either the plaintiff or defendant shall have been resident of the state for a period of not less than 6 weeks preceding the commencement of the action." Evidence of record that supports the trial court's finding includes respondent's testimony concerning his presence and domiciliary intent, corroborating testimony establishing respondent's physical presence, evidence that respondent's mother had moved to Nevada also, and evidence that respondent had licensed his auto here. Thus, as the record contains evidence to support the court's determination that respondent was a Nevada resident for 6 weeks prior to commencement of the action, we will not disturb that finding. NRCP 52(a).

During oral argument, appellant's counsel first contended that, based on constitutional considerations, the record must show respondent's residence continued from the action's commencement through trial. However, counsel cited no authority to support his position, and there is contrary authority. See, for example: Hawkins v. Hawkins, 462 S.W.2d 818, 825–826 (Mo.App. 1973); Jackson v. Jackson, 205 P.2d 297, 299 (Okla. 1949). Prior Nevada cases have not directly treated this question and, before addressing its merits, we prefer to await a case presenting the issue to the trial court in the first instance, and then to this court with appropriate briefs. Cf. Carson v. Sheriff, 87 Nev. 357, 360, 487 P.2d 334, 336, n. 4 (1971). Moreover, we are not persuaded that a finding of respondent's residence would be totally unjustified, even under the standard appellant's counsel now urges upon us.

2. Second, appellant challenges the custody award, contending that "children of tender years belong to their mother in the absence of particular circumstances establishing that she is unfit." Peavey v. Peavey, 85 Nev. 571, 573, 460 P.2d 110, 111 (1969). In our view, however, whether a child is of "tender years" cannot be mechanically defined. The determination is subject to the discretionary powers of the trial court in the particular facts of each case. Orezza v. Ramirez, 507 P.2d 1017, 1021 (Ariz.App. 1973); Ward v. Ward, 353 P.2d 895, 900 (Ariz. 1960). On the record before us, the children, Richard Jr., age 10, and Cynthia, age 8, were not of such delicate age and condition as necessarily to come within the

"tender years" doctrine. In the absence of a clear abuse of discretion, the trial court's custody award cannot be disturbed. Peavey v. Peavey, supra.

Affirmed.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.