DONNA G. JOHNSON, Appellant, v. WILLIAM L. JOHNSON, Respondent.

No. 7476

May 15, 1975                              535 P.2d 160

Earl & Earl, of Las Vegas, for Appellant.

Johns & Johns, of Las Vegas, for Respondent.

## OPINION

Per Curiam:

The marriage of Donna G. Johnson and William L. Johnson, appellant and respondent respectively, was dissolved by decree of divorce entered on March 5, 1971. The temporary custody of the couple's minor children was awarded to William. After modifications of the divorce decree were ordered, a final modification was ratified, confirmed, approved and entered May 8, 1973, awarding permanent custody of two of the minor children, then ages 16 and 10, to William. A third child had married since the original divorce decree and before the final modification.

Initially appellant attempts to challenge the order denying

her objections to findings of fact and conclusions of law entered below. That order is not an appealable "special order made after final judgment" within the purview of NRAP 3A(b). French v. French, 91 Nev. 248, 533 P.2d 1357 (1975); Securities Inv. Co. v. Donnelley, 89 Nev. 341, 513 P.2d 1238 (1973).

The only cognizable issue raised by this appeal from the divorce decree and subsequent modifying order is whether the award of custody of the children to the father was proper in light of the "tender years" doctrine enunciated by this court in Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969). In *Peavey* we held that "children of tender years belong to their mother in the absence of particular circumstances establishing that she is unfit." Id. at 573. The children there involved were aged 5 and 3, and neither parent could be deemed unfit, upon a review of the record. Thus, the mother was awarded custody.

In Smith v. Smith, 90 Nev. 422, 529 P.2d 209 (1974), we held that children 8 and 10 years old were not of such delicate age and condition as necessarily to come within the "tender years" doctrine, and we said: ". . . [W]hether a child is of 'tender years' cannot be mechanically defined. The determination is subject to the discretionary powers of the trial court in the particular facts of each case." Here the district court could permissibly find that the children were not of tender years when the final order was entered on May 8, 1973.

Furthermore, the district court found that they were satisfied with their father as custodian, and that his care, custody and control was for their "very best interest." No clear abuse of the district court's discretion has been shown. Buchanan v. Buchanan, 90 Nev. 209, 523 P.2d 1 (1974). The divorce decree and order of modification appealed from are affirmed.