SUSAN K. NICHOLS, Appellant, v. KENNETH
J. NICHOLS, Respondent.

No. 7972

July 23, 1975                              537 P.2d 1196

480

*Victor Alan Perry,* of Carson City, for Appellant.

*Kenneth J. Jordan,* of Carson City, for Respondent.

## OPINION

*Per Curiam:*

The sole issue raised on appeal from the judgment and decree of divorce as to Susan K. Nichols, appellant, and Kenneth J. Nichols, respondent, is that absent a finding in the court's findings of fact, conclusions of law and judgment of divorce of unfitness on the mother's part or that it was in the child's best interest to be placed with the father, did the trial court err in granting custody of the 2½-year-old child to the father under this court's holding in Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969)?

This court has consistently held that matters of custody and support of a minor child of the parties to a divorce action rests in the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless clearly abused; Culbertson v. Culbertson, 91 Nev. 230, 533 P.2d 768 (1975); Noble

v. Noble, 86 Nev. 459, 470 P.2d 430 (1970); Fenkell v. Fenkell, 86 Nev. 397, 469 P.2d 701 (1970); Peavey v. Peavey, supra; and that it will be presumed that the trial court properly exercised its judicial discretion in determining what is for the best interest of the child. Culbertson v. Culbertson, supra; Howe v. Howe, 87 Nev. 595, 491 P.2d 38 (1971); Noble v. Noble, supra.

In Peavey v. Peavey, supra, we held that the law favors the mother if she is a fit and proper person to have custody of the children, other things being equal, and that this would be taken into consideration in determining if the trial court had abused its discretion. Unlike the record on appeal before the court in Peavey, the record here clearly indicates things were not equal based on the appellant's adultery and immaturity; thus precluding application of the tender years doctrine and in support of the award of custody under our holding in Culbertson v. Culbertson, supra.

The fact that the trial court made no finding as to unfitness on the mother's part or that it was in the child's best interest to be placed with the father, although error, does not require that the case be remanded. The statements of the trial judge in the record[1] clearly indicate that if this case were remanded for that determination he would do so.

Affirmed.

---

[1]"I am satisfied in this case that the welfare of the child will be best served by placing the custody with the father. Perhaps I am old-fashioned. Perhaps I shall be judged as a square, as an ultra-conservative but I cannot accept the condition under which the defendant is now living as affording a suitable home for a child two and a half years old.

"It has been pointed out that these are the formative years. These are the years when a child learns habits, custom, morals, if you will, that will stay with it the rest of its life.

"I have considered all of the circumstances of the case. I have considered Dr. Whittemore's report and I have also considered the fact that he heard only one side of this story. He had before him for testing Mrs. Nichols and I will accept his test as being accurate so far as it went but there are many, many facts and facets to this case that were brought out here in Court which were not available to the doctor. The Court recognizes that the defendant on at least one and I think two occasions walked off and left her child. She has made efforts to regain custody. For that I give her credit but at the same time she comes into this Court and flaunts her adultery before the Court. There is even considerable doubt from the evidence that she will marry her paramour. She impresses the Court as being a little girl who is playing with sex but has not matured sufficiently to be a mother to this child."