JANET S. ARNOLD, Appellant, *v.* RICHARD WAYNE ARNOLD, Respondent.

No. 11928

December 20, 1979                    604 P.2d 109

*Gladstone & Stark,* Las Vegas, for Appellant.

*Raggio, Walker, Wooster & Clontz,* and *Houston, Moran & Kennedy,* Las Vegas, for Respondent.

## OPINION

By the Court, Mowbray, C. J.:

Following divorce proceedings, Janet S. Arnold, appellant,

and Richard Wayne Arnold, respondent, each sought permanent custody of their two year old child. The district court, after entering a decree of divorce, awarded temporary custody of the child to Richard until a hearing on the merits could be had. After a full hearing and after reviewing a throroughly detailed investigative report prepared by the Child Custody Division, the district court awarded permanent custody to Richard. Janet appeals, contending that the district court abused its discretion. The purported abuse, Janet argues, is evidenced by the district judge's candid observation that he could not divine "whether this child would be best raised by the father or best raised by the mother." We do not agree that the court below abused its discretion. Therefore, we affirm.

The district court scrutinized the particular facts and circumstances of the case before it, *see* Smith v. Smith, 90 Nev. 422, 529 P.2d 209 (1974), in order to protect and to further the best interests of the child, *see* Timney v. Timney, 76 Nev. 230, 351 P.2d 611 (1960). Though aware that both parties loved the child and that neither was an unfit parent, the court weighed the fact that the child, after living half of his life in his father's home, was "thriving and maturing and being appropriately nurtured" against appellant's admission that her emotional and financial problems, caused by the breakup of her marriage, had previously affected her relationship with the child in an adverse manner. The court, attempting to strike a delicate balance in a difficult case, decided that the best interests of the child would be served by awarding permanent custody to the father. This realistic approach, coupled with the consideration of all the relevant facts and circumstances presented, is not an abuse of discretion. *See* Nichols v. Nichols, 91 Nev. 479, 537 P.2d 1196 (1975).

Appellant further argues that the "tender years" doctrine, the rule of maternal preference enunciated in Peavey v. Peavey, 85 Nev. 571, 460 P.2d 110 (1969), mandates reversal. For the reasons expressed below, we overrule *Peavey*.

Based on what we then considered to be the "universally recognized" principles that the mother is the natural custodian of her young, that the law favors the mother, and that a child requires the advantage and benefit of a mother's love and devotion, we held, in *Peavey*, that absent a finding of the mother's unfitness, the "tender years" doctrine required the placement of a young child with its mother. 85 Nev. at 573, 460 P.2d at

111. Despite these so-called universally recognized principles, we have eschewed a rigid and mechanical application of the doctrine and have, in subsequent cases, carved out a number of exceptions: the doctrine does not apply to custody determinations involving children between the ages of eight and ten, Smith v. Smith, 90 Nev. 422, 529 P.2d 209 (1974); nor does it apply to change of custody cases, Adams v. Adams, 86 Nev. 62, 464 P.2d 458 (1970). More significantly, in Nichols v. Nichols, *supra,* we shed some new light on *Peavey,* holding the "tender years" doctrine applicable only to those custody cases in which all things were equal between the parents. 91 Nev. at 481, 537 P.2d at 1197.

This court does not stand alone in its disillusionment with the "tender years" doctrine. During the past decade, many jurisdictions have either eliminated the rule or greatly reduced its weight. *See generally* 70 A.L.R.3d 262. Most important, the legislature, just this year, in expressing the public policy of Nevada, has now prohibited the courts of this state from utilizing a rule of sexual preference in determining the custody of minor children:

> In determining custody of a minor child . . . the sole consideration of the court is the best interest of the child, and no preference may be given to either parent for the sole reason that the parent is the mother or father of the child.
> . . .

1979 Nev. Stats. ch 269, § 2, amending NRS 125.140 (effective May 3, 1979).[1]

Upon careful reexamination of *Peavey,* it is clear to us that the "tender years" doctrine, whether in its pristine form or as it has been reinterpreted in *Nichols,* runs afoul of the standards this court and the legislature have announced with respect to child custody determinations, and that it is nothing more than an expression of a culturally enforced bias favoring rigidly and unrealistically defined societal sex roles. The touchstone of all custody determinations is the best interests of the child; the foundation of these determinations is the particular facts and circumstances of each case. A preference for one parent over the other, solely on the basis of the parent's sex, has no place in this scheme. We, therefore, expressly overrule Peavey v. Peavey.

Since the record does not demonstrate that the district court

---

[1]The district court made its custody determination approximately two weeks before the effective date of NRS 125.140, as amended.

below abused its discretion, we affirm its award of permanent custody to respondent.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.