No. A-CV-01-82

COURT OF APPEALS OF THE NAVAJO NATION

May 6, 1983

Sandra HELP, Appellant,

vs.

Fred SILVERS aka Fred SILVER FOX, Appellee.

Appeal heard October 4, 1982 before Acting Chief Justice Robert B. Walters and Associate Justices Homer Bluehouse and James D. Atcitty. Opinion by Acting Chief Justice Walters.

Nona Lou Smith, Esq., and Leonard Watchman, Esq., of Window Rock, Navajo Nation (Arizona) for the appellant, and Frank J. Lally, Esq., of Gallup, New Mexico for Appellee.

THE CASE BEFORE THE COURT

This case involves the underlying legal question of whether the trial court made a correct decision in awarding child custody, and the very important questions of record on appeal and conflicting jurisdiction between a trial court and the Court of Appeals.

The action in the trial court began as a paternity action and it grew into a child custody dispute over three minor daughters. At first the child custody question was resolved in favor of the father by one judge, and later another reheard the case after this appeal was filed and changed custody to the mother. The custody decree was entered on December 18, 1981, the notice of appeal was filed on January 18, 1982, a motion for reconsideration was granted on February 24, 1982, and another judge retried the case on April 15, 1982. The motion for reconsideration was made the same day as the notice of appeal, and it was granted 37 days later.

On appeal the argument that children of tender years should be in the custody of their mother was made, and that argument was reinforced by arguments from Navajo custom and tradition.

The legal problems which are of most concern here are (1) the jurisdiction of this court with regard to the issues before it; (2) the adequacy of the finding of the trial court; and, (3) the application of the Navajo Equal Rights Amendment to the tender years doctrine.

THE JURISDICTION OF THE DISTRICT COURT AFTER APPEAL

The most bothersome question involves the action of the district

court after the appeal. Rule 5(d) of the Rules of Appellate Procedure requires an appellant to file a motion for reconsideration with the trial court. In this case that motion was filed exactly the same day as the appeal. The rule creates problems because where, as here, the trial court acts, this court is often ousted of its jurisdiction over the case.

The answer to the question of jurisdiction is quite simple. Rule 5(d) requires the trial court to rule on the motion for consideration within five days. This rule means that the trial court must dispose of the motion within five days of its filing, and where the motion is filed the same day as the notice of appeal, there is little liklihood of interfering with the duty of the Chief Justice in reviewing the appeal under 7 NTC Sec. 801(b).

We hold that where a trial court fails to rule upon a motion for reconsideration within five days of its filing, the motion will be treated as being automatically denied.

It has been argued that aside from Rule 5(d) of the Rules of Appeallate Procedure that the broad equitable authority of the trial court to reopen judgments in the interests of justice will permit a trial court to act while an appeal is pending. We answer this argument by holding (1) that when an appeal is perfected the trial court has no further jurisdiction over a case because that jurisdiction has been transferred to this court, where it will remain until the appeal is disposed of, and (2) that where this court has jurisdiction over a case the trial court cannot open, vacate, or set aside an order or judgment which is appealed from. 4 Am.Jur.2d, Appeal and Error, Secs. 352-353.

THE TRIAL COURT RECORD

The decision which caused this appeal simply stated that the father was a "fit and proper person" to have custody of the children, and that it was in their "best interests" for them to be in his custody. The court reviewed the complaint that there were none of the many factors of the best interests test to support the judgment.

The complaint is well taken. There must be special findings of fact by a trial court to support its judgment so the Court of Appeals will know whether the facts and law found justify it. Therefore we hold that trial courts must make findings of fact and conclusions of law, in opinion form or finding form, in order to support their judgments. In re Marriage of Capener, 582 P.2d 326, 328 (Mont. 1978). Those findings must be "more than a mere report of the evidence; they must be a finding of those ultimate facts on which the law must determine the rights of the parties." 4 Am.Jur.2d, Appeal and Error, Sec. 414.

Therefore, in the future, the court will remand matters which inadequate findings of fact and law for such a determination by the trial court. This action will be remanded for the same purpose.

THE NAVAJO EQUAL RIGHTS AMENDMENT

Although this action is being remanded with guidance on the procedural aspects of the case, the trial court will require guidance on the "tender years" doctrine.

Over centuries of English and American law there have been many changes in presumptions as to who should have custody of a child. In early English law it was the father who had the right to

custody, changing to a presumption in favor of the mother and finally ending up with an equal right to custody. Clark, The Law of Domestic Relations, pp. 584-585 (1968).

The "tender years" doctrine presumes that the mother is the superior custodian, all other things being equal, and there is now a question of whether such a doctrine violates the equal rights of men and women before the law. Resolution CF-9-80, enacted in February of 1980, very simply provides:

> "Equity of rights under the law shall not be denied or abridged by the Navajo Nation on account of sex."

Interestingly, there appear to be no interpretations of the constitutions of states with equal rights provisions determining the effect of this sort of civil rights protection on the tender years doctrine, but the trend clearly appears to be away from any presumption that the mother is the better custodian of a child simply due to her sex. See Wetzler v. Wetzler, 570 P.2d 741 (Alaska, 1977); Porter v. Porter, 518 P.2d 1017 (Ariz. App. 1974); In re Marriage of Carney, 598 P.2d 36 (Cal. 1979); Neis v. Neis, 599 P.2d 305 (Kan. App. 1979); Libra v. Libra, 484 P.2d 748 (Mont. 1971); Arnold v. Arnold, 604 P.2d 109 (Nev. 1979); Smith v. Smith, 564 P.2d 307 (Utah, 1977), etc.

The correct analysis is that there is no presumption that the mother is the proper custodian of a young child. The child's age is but another factor to be considered when ruling upon custody questions. It may well be that the father's relationship to a young child and his equal or superior ability to care for the child would require a trial court to award him custody.

The proper analysis of the Navajo Equal Rights guarantee is that there can be no legal result on account of a persons sex, no presumption in giving benefits or disabilities gaged by a person's sex and no legal policy which has the effect of favoring one sex or the other.

For this reason, there can be no presumption that a young child should be in the care of the mother. There can be no rule that a young child should be in the care of the mother. There can be no accepted policy that a young child should be in the care of the mother.

What remains? Unlike other states that retain the rule that "all things being equal" a child of tender years will be with the mother, but like the states which have abolished the doctrine, this court will not permit its use. The trial courts must take all factors affecting a child into account and consider the relationship of the child to its parents in all things. It is the relationship that is important, not a mere rule-of -thumb, and the child's age is important only in consideration of its relationship to the parents.

ORDER

Based on these considerations, this action is hereby REVERSED and REMANDED to the Window Rock District Court for further proceedings consistent with this opinion.