An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN W. CARUSO,
Appellant,
vs.
AMANDA MAIZE,
Respondent.

No. 66130

**FILED**

JUL 3 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a fast track child custody appeal from a district court child custody order. Eighth Judicial District Court, Family Court Division, Clark County; Cynthia Dianne Steel, Judge.

In January 2008, respondent Amanda Maize gave birth to twin boys who were fathered by appellant Brian Caruso. Maize and Caruso were not married. In April 2010, Caruso, Maize, Caruso's mother, and the twins moved from Missouri to Las Vegas. In April and May 2010, Caruso, Maize, and the twins resided together. In May 2010, Maize and the twins returned to Missouri for between two and five months. When Maize and the twins returned to Las Vegas later that year, they again resided with Caruso and his mother. In December 2010, Maize committed an act of domestic violence against Caruso's mother, for which Maize was convicted of misdemeanor domestic battery. After this incident, Maize and the twins continued to live with Caruso and his mother until August 2011 when Maize and the twins moved back to Missouri.

In January 2012, Caruso filed a complaint for custody in Nevada. The district court held a one-day evidentiary hearing. In its order, the district court found that although neither Caruso nor Maize was unfit to be the twins' guardian, the twins' best interests would be served by residing with Maize. In the order, it also acknowledged Maize's

SUPREME COURT
OF
NEVADA

(O) 1947A

15-23133

domestic violence conviction but reasoned that NRS 125C.230's presumption against placing a child in the custody of a parent who committed domestic violence was not sufficiently persuasive to preclude an award of custody to Maize. As a result, the district court granted primary physical custody to Maize. Caruso appealed and this court reversed and remanded the district court's order because the district court failed to make adequate findings of fact to overcome NRS 125C.230's presumption. On remand, the district court issued a revised and expanded order granting primary physical custody to Maize.

Caruso now appeals and raises two issues: (1) whether the district court erred in not applying the law-of-the-case doctrine and (2) whether the district court abused its discretion in awarding primary physical custody to Maize.[1]

*Standard of review*

We review de novo the application of the law-of-the-case doctrine because this doctrine concerns the effect of prior appellate decisions about principles or rules of law. *Rennels v. Rennels*, 127 Nev.,

---

[1]Caruso also argues that the district court made various other errors in its factual findings. These assignments of error challenge the district court's assessment of the weight and credibility of the evidence and factual findings that the district court made but did not rely upon in its legal conclusions. We do not reevaluate a district court's weight and credibility determinations. *Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (refusing to make credibility determinations on appeal); *Quintero v. McDonald*, 116 Nev. 1181, 1183, 14 P.3d 522, 523 (2000) (refusing to reweigh evidence on appeal). Furthermore, we will not reverse a judgment for harmless error. *See* NRCP 61; *see also Wyeth v. Rowatt*, 126 Nev. 446, 465, 244 P.3d 765, 778 (2010) ("When an error is harmless, reversal is not warranted."). Therefore, these assignments of error are without merit.

Adv. Op. 49, 257 P.3d 396, 399 (2011) (reviewing issues of law de novo); *Dictor v. Creative Mgmt. Servs., LLC*, 126 Nev. 41, 44, 223 P.3d 332, 334 (2010) (explaining that the law-of-the-case doctrine applies to previously decided "principle[s] or rule[s] of law").

We review a district court's custody determination for an abuse of discretion. *Rennels*, 127 Nev., Adv. Op. 49, 257 P.3d at 399. "A district court's factual determinations will not be set aside unless they are clearly erroneous and not supported by substantial evidence." *Dewey v. Redevelopment Agency*, 119 Nev. 87, 93, 64 P.3d 1070, 1075 (2003). "Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion." *J.D. Constr., Inc. v. IBEX Int'l Grp., LLC*, 126 Nev. 366, 380, 240 P.3d 1033, 1043 (2010) (internal quotations omitted). When reviewing the district court's decision on appeal, we do not reweigh the evidence or make credibility determinations. *Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (refusing to make credibility determinations on appeal); *Quintero v. McDonald*, 116 Nev. 1181, 1183, 14 P.3d 522, 523 (2000) (refusing to reweigh evidence on appeal).

*The district court properly refused to apply the law-of-the-case doctrine*

Caruso argues that the district court erred by not applying the law-of-the-case doctrine to reverse its award of primary physical custody to Maize and by making additional factual findings. This court's prior order reversed and remanded the district court's initial custody order for further proceedings because the district court failed to properly apply NRS 125C.230's rebuttable presumption and did not provide adequate factual findings to support its decision awarding custody. *Caruso v. Maize*, Docket No. 62470 (Order of Reversal and Remand, January 21, 2014).

"The law-of-the-case doctrine provides that when an appellate court decides a principle or rule of law, that decision governs the same issues in subsequent proceedings in that case." *Dictor*, 126 Nev. at 44, 223 P.3d at 334. This doctrine does not apply to issues that an appellate court does not address. *Recontrust Co. v. Zhang*, 130 Nev., Adv. Op. 1, 317 P.3d 814, 818 (2014). Because this court's prior order did not establish the law of the case with regard to who should be awarded custody or preclude the district court from amending its findings, the district court did not err by refusing to apply the law-of-the-case doctrine with regard to these issues.

*The district court did not abuse its discretion by awarding primary physical custody to Maize*

Caruso argues that the district court abused its discretion by awarding custody to Maize because (1) there was insufficient evidence to overcome NRS 125C.230's presumption against granting custody to Maize, (2) the district court did not adequately consider that Maize's income was below the poverty line, (3) the district court improperly refused to consider Maize's purported violation of NRS 125C.200, (4) the district court did not find that Caruso was an unfit parent, (5) the district court improperly considered Caruso's and Maize's abilities to care for the twins when awarding custody.

*Substantial evidence supports the district court's finding that NRS 125C.230(1)'s domestic violence presumption was overcome*

If a parent "has engaged in one or more acts of domestic violence against the child, a parent of the child[,] or any other person residing with the child," this creates a rebuttable presumption that placement in the perpetrator's custody is not in the child's best interest. NRS 125C.230(1). This presumption may be overcome if the district court "[f]ind[s] that the custody or visitation arrangement ordered by the

[district] court adequately protects the child and the parent or other victim of domestic violence who resided with the child." NRS 125C.230(1)(b).

Maize was convicted of committing domestic violence against Caruso's mother, with whom Maize and the twins were living at the time. Thus, NRS 125C.230's rebuttable presumption must be overcome before the district court may award physical custody of the twins to Maize. *See* NRS 125C.230(1).

Here, the district court identified three reasons to overcome this presumption. First, it found that because the incident of domestic violence was caused by a conflict between Maize and Caruso's mother, Maize's move from Las Vegas to Missouri created a physical separation between Maize and Caruso's mother that protected both Caruso's mother and the twins from any future violence. Second, the district court found that Maize continued to live with Caruso and his mother for multiple months after the domestic battery without further incident. Third, the district court found that Maize completed domestic violence counseling. All three findings are supported by substantial evidence in the record, and the district court's factual findings reasonably support the conclusion that Maize did not pose a threat to Caruso's mother or the twins. Therefore, the district court did not abuse its discretion when concluding that NRS 125C.230's presumption was overcome.

*The district court properly considered Maize's financial condition*

The district court may consider the impact of a parent's financial condition on his or her ability to act as a child's guardian when assessing a child's best interest. *See Arnold v. Arnold*, 95 Nev. 951, 952, 604 P.2d 109, 110 (1979) (noting, without disapproval, that the district

court weighed the mother's "financial problems" against other factors when making a custody determination).[2]

Here, the district court reasonably considered the sufficiency of Maize's income in two ways. First, it observed that Maize's present income might not represent the family's true financial condition because it did not include any child support or welfare benefits that the twins may be entitled to receive. Second, it observed that Maize's housing situation demonstrated that she was able to adequately provide for the twins at her present income level. These findings are supported by substantial evidence in the record. Thus, the district court did not abuse its discretion by considering Maize's financial condition and concluding that it did not adversely impact her ability to be the twins' guardian.

*The district court did not overlook Maize's alleged violation of NRS 125C.200*

NRS 125C.200 requires that a custodial parent intending to relocate a child from Nevada "attempt to obtain the written consent of the noncustodial parent" before the planned move. "The failure of a parent to comply with the provisions of this section *may* be considered as a factor if a change of custody is requested by the noncustodial parent." NRS 125C.200 (emphasis added). Since NRS 125C.200 uses "may" and not "shall," it permits, but does not require, the district court to consider a violation of the statute's consent requirement when making a custody determination. *See State of Nev. Emps. Ass'n v. Daines*, 108 Nev. 15, 19,

---

[2]Since Nevada law allows the district court to consider the parents' financial conditions when determining whether they could adequately provide for the child, *see Arnold*, 95 Nev. at 952, 604 P.2d at 110, we decline to address other states' caselaw authorizing this consideration.

824 P.2d 276, 278 (1992) (explaining that, in statutes, "may" is generally permissive, not mandatory).

Here, the district court weighed the evidence of the parties' conduct relating to Maize's move from Las Vegas to Missouri in August 2011 and found that Caruso knew of and helped facilitate Maize's move. It also found that Caruso instructed Maize not to return to Nevada. Thus, Caruso's argument lacks merit and the district court did not abuse its discretion because it actually considered Maize's purported violation of NRS 125C.200.

*The district court had discretion to grant custody to Maize despite finding that Caruso was not an unfit guardian*

"It is well established that when deciding child custody, the sole consideration of the court is the child's best interest." *Blanco v. Blanco*, 129 Nev., Adv. Op. 77, 311 P.3d 1170, 1174 (2013). Thus, a child's best interest outweighs a parent's "competing constitutionally protected interest in the parent-child relationship." *Clark Cnty. Dist. Attorney v. Eighth Judicial Dist. Court*, 123 Nev. 337, 346 n.23, 167 P.3d 922, 928 n.23 (2007). Furthermore, Nevada law does not require the district court to award joint custody to both parents if they are qualified guardians. *See, e.g.*, NRS 125.480(3)[3] (providing that custody may be awarded to both or one parent in accordance with the child's best interest); NRS 125.490(1) (establishing a presumption that joint custody is in the child's best interest when the parents have agreed to joint custody). Therefore, the

---

[3]After the district court entered its revised order and the parties briefed this appeal, NRS 125.480 and NRS 125.490 were repealed and their provisions were substantively readopted in NRS Chapter 125C. 2015 Nev. Stat., ch. 445, §§ 5-6, 8, 19. These statutory changes do not alter NRS 125.480's or NRS 125.490's application to the present case.

district court did not abuse its discretion by awarding custody to Maize, even though it found that Caruso was not an unfit guardian.

*The district court had discretion to consider Maize's and Caruso's ability to care for the twins in determining custody*

Because NRS 125.480(4)'s list of factors that the district court must consider when evaluating a child's best interests is non-exhaustive, its omission of the ability to care for a child does not preclude a district court from considering this as a factor. Therefore, the district court did not abuse its discretion by considering Maize and Caruso's abilities to care for the twins when awarding custody.

*Conclusion*

For the foregoing reasons, the district court did not err by refusing to apply the law-of-the-case doctrine or abuse its discretion when awarding custody to Maize. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Cynthia Dianne Steel, District Judge, Family Court Division
F. Peter James
Sterling Law, LLC
Eighth District Court Clerk